IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **04-K-1143**

**DOLLY LAU,**

      Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY,**

      Defendant.

_____

### ORDER ON AMENDED MOTION IN LIMINE
_____

Kane, J.

      This matter is before me on Defendant's Amended Motion in Limine, filed

May 27, 2005. Having carefully considered the Motion, relevant record and all

applicable legal authorities, and being fully advised in the premises, I deny the motion.

      In its initial Motion in Limine, filed on May 3, 2005, Defendant moved to preclude

Plaintiff from presenting testimony from any witness on four subjects: (1) their opinion

of the specific dollar value of Plaintiff's claim; (2) the tortfeasor, Clarence Johnson's,

liability policy limits; (3) Plaintiff's underinsured motorist policy limits; and (4) the dollar

amount for which Plaintiff settled with the tortfeasor in the underlying litigation. At the

Pretrial Conference on May 5, I summarily denied Defendant's motion on the ground

that it did "not have a brief with it, and contain[ed] nothing but generalities and

conclusions." 5/5/05 Tr. at 2.

In the "Amended Motion in Limine" now before me, Defendant seeks to strike Plaintiff's evidence on the same four subjects advanced in its failed May 3 motion. The amended motion cites a handful of cases and includes a slightly expanded argument, but is otherwise identical to the May 3 motion in limine.

Defendant argues in both motions that Plaintiff's evidence on each of these subjects should be excluded because the jury was charged with deciding each of these facts, which according to Defendant renders Plaintiff's evidence on each irrelevant. In the alternative, Defendant argued that admission of Plaintiff's evidence on each subject should be barred as prejudicial because the jury could be confused and misled into finding for Plaintiff based on this evidence. With respect to the first item of evidence it seeks to exclude, Defendant also asserts that the value of a UIM claim is simply not a proper subject of expert testimony.

None of these arguments is persuasive as to any of the listed subjects. Evidence as to each subject is relevant to the issues to be decided by the jury in connection with, at minimum, Plaintiff's bad-faith claim. Contrary to Defendant's contention, expert opinion testimony regarding the value of Plaintiff's claim is an appropriate subject for expert testimony. What little law Defendant cites in its amended motion is not to the contrary. It should go without saying that the possibility that the jury might be

persuaded by Plaintiff's evidence on each to rule in Plaintiff's favor does not render her evidence irrelevant or prejudicial.

Defendant's concerns that the jury may be misled or confused by the cited evidence may be addressed in the instructions to the jury.  In fact, the parties have already submitted a stipulated jury instruction that adequately addresses Defendant's concern that the jury may give undue weight to expert testimony regarding the specific value of Plaintiff's claim.  *See* Jt. Submission of Stipulated and Disputed Jury Instructions at 22 ("Experts" Instruction).  If Defendant believes additional limiting instructions are necessary in light of my rulings here, it shall consult with Plaintiff and submit additional and/or revised instructions addressing its areas of concern no later than **August 12, 2005**. These instructions should be stipulated if possible.  If Defendant does not submit proposed limiting instructions on these points by the stated deadline, it will be deemed to have waived any objection to the jury's instructions based on the matters addressed in its Amended Motion in Limine.

For the reasons stated above, Defendant's Amended Motion in Limine, filed May 27, 2005, is DENIED.

Dated this 13th day of July, 2005.

BY THE COURT:

S/**John L. Kane** _____   Senior
Judge, United States District Court